United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued April 23, 1998 Decided June 26, 1998 

 No. 97-1522

 United States Department of Transportation, 

 Federal Aviation Administration, 

 Petitioner

 v.

 Federal Labor Relations Authority, 

 Respondent

On Petition for Review and Cross-Application for 
Enforcement of an Order of the Federal 
Labor Relations Authority 

 Robin M. Richardson, Attorney, United States Department 
of Justice, argued the cause for the petitioner. Frank W. 
Hunger, Assistant Attorney General, and William Kanter, 
Deputy Director, United States Department of Justice, were 
on brief.

 David M. Smith, Solicitor, Federal Labor Relations Au-
thority, argued the cause for the respondent. Sarah Whittle 


Spooner, Attorney, Federal Labor Relations Authority, was 
on brief. William R. Tobey, Deputy Solicitor, Federal Labor 
Relations Authority, entered an appearance.

 Before: Williams, Henderson and Garland, Circuit 
Judges.

 Opinion for the court filed by Circuit Judge Henderson.

 Karen LeCraft Henderson, Circuit Judge: The Federal 
Aviation Administration (FAA) of the Department of Trans-
portation petitions for review of a decision of the Federal 
Labor Relations Authority (FLRA, Authority) and the FLRA 
cross-applies for enforcement. The challenged decision de-
clared negotiable a proposal by the National Association of 
Government Employees, Local 3R-10 (Local) that "Air Traf-
fic Assistants" (Assistants) be eligible for free travel on 
commercial airlines under the FAA's "national standardized 
familiarization program." The FAA took the position before 
the FLRA that the proposal, as revised during the FLRA 
proceeding, violated government-wide regulations prohibiting 
executive branch employees from accepting gifts. Without 
addressing the FAA's contention, the FLRA held the propos-
al negotiable on the ground that the FAA failed to offer 
specific arguments and regulations to the Authority. We 
review the FLRA's negotiability decision "in accordance with 
the standards established in the Administrative Procedure 
Act, 5 U.S.C. s 706," and therefore "we must reverse the 
Authority's negotiability decision if it is 'arbitrary, capricious, 
an abuse of discretion, or otherwise not in accordance with 
law.' 5 U.S.C. s 706(2)(A)." NLRB v. FLRA, 2 F.3d 1190, 
1197 (D.C. Cir. 1993) (internal case citations omitted). Be-
cause we conclude the FAA sufficiently apprised the FLRA of 
its position and supporting regulations, we hold that it was 
arbitrary and capricious for the Authority to refuse to ad-
dress the substance of the FAA's objection to the revised 
proposal. Accordingly, we grant the FAA's petition for re-
view and remand to the Authority for consideration of the 
merits of the parties' negotiability arguments.

 On October 23, 1995 the Local, which represents Assistants 
employed by the FAA, submitted for negotiation a "Liaison 
and Familiarization Travel" proposal that made Assistants 


eligible to participate in the national standardized familiariza-
tion program, previously open only to Air Traffic Controllers. 
The proposal purported to "recognize the desirability of famil-
iarization flying as a training program and that it is intended 
solely to acquaint bargaining unit personnel with the cockpit 
environment and to enable them to observe the operation of 
the air traffic system first hand." Joint Appendix (JA) 12. 
Under the proposal, each Assistant was entitled to one free 
international and eight free domestic round-trip flights per 
year, as "on-the-job-training," to be approved by the FAA 
"for approved leave days, regular days off and for duty days 
in any combination." JA 14-15. The proposal further re-
quired the FAA to "make every effort to allow familiarization 
flights to be conducted on duty time," JA 14, and provided 
that "[a]n employee traveling on such a flight on his/her 
regularly assigned duty day [would] receive[ ] the same pre-
mium pay he/she would have received had he/she worked 
his/her regular shift," JA 15.

 The FAA refused to negotiate the proposal, contending it 
was "outside the duty to bargain because it interferes with 
management's right to assign work." JA 17. The Local 
petitioned the FLRA to review the FAA's non-negotiability 
allegation and the FAA again raised the management rights 
objection. In reply the Local submitted to the Authority a 
revised proposal from which it had deleted all reference to 
training, pay and travel during duty time (except when duties 
are assigned at the trip's outbound duty destination). The 
Local characterized the "proposals at issue" as "distinct from 
proposals previously ruled on by the Authority," and found to 
interfere with management rights, in that (1) they "do not 
require the use of official time or expenditure of Agency 
funds," (2) "familiarization flights would be provided to [As-
sistants] on approved leave days and regular days off" and (3) 
"[d]uty time would be used only when the Agency assigns 
duties at the outbound destination." JA 36-37. Thus, the 
Local asserted, the revised proposal would "not interfere with 
management's right to assign work," JA 37, but merely 
"would provide to Air Traffic Assistants represented by the 
Union equitable conditions of employment as other air traffic 


employees of the Agency," which "include familiarization with 
the operation of the aircraft equipment and communications 
from the flight crews [sic] perspective" as well as "the benefit 
of free air travel," JA 36.

 In response to the revised proposal, the FAA filed a 
"Supplemental Statement of Position," objecting as follows to 
the revised proposal:

 Executive Order 12574 as modified by EO 12731 and 5 
 CFR 2635.01 et. [sic] seq., Standard of Conduct for 
 Employees of the Executive Branch, a government-wide 
 regulation prohibits the acceptance of gifts by federal 
 employees. Deleting all references to the [Liaison and 
 Familiarization Travel] program as a training programs 
 [sic], results in allowing the [Assistants] to accept free air 
 travel for personal use. Free air travel for personal use 
 is considered a gift prohibited by the Standards of Con-
 duct for Emloyees [sic] of the Executive Branch.

 The Union's proposal is contrary to government-wide 
 regulations within the meaning of 5 U.S.C. section 
 7117(a)(1) and is therefore non-negotiable.

JA 48A. In a "Supplemental Response" the Local countered 
that the revised program "would no more constitute a gift for 
[Assistants] than it does for any other employee of the 
Agency." JA 50.

 In a brief decision dated June 30, 1997 the FLRA ordered 
the FAA to negotiate the revised proposal, concluding that 
the FAA's "bare assertion that the proposal conflicts with a 
Government-wide regulation ... does not establish that the 
proposal is outside the duty to bargain." JA 54. Reciting 
that the FAA's supplemental response "cites only to the 
Executive Order and its implementing regulations, the Stan-
dards of Ethical Conduct for Employees of the Executive 
Branch," "does not cite any specific section of either the 
Executive Order or the regulations in support of its conten-
tion that the Union's proposal conflicts with Government-wide 
regulation" and "does not offer any arguments establishing a 
basis for its contention," the FLRA asserted the FAA had 


failed to carry its "burden of creating a record upon which the 
Authority can make a negotiability determination." JA 53-
54. To the contrary, we find the argument and supporting 
authority in the FAA's Supplemental Statement of Position 
sufficiently places the FAA's negotiability objection before 
the Authority.

 The Federal Service Labor-Management Relations Act 
requires a federal agency to negotiate conditions of employ-
ment with the recognized exclusive representative of its em-
ployees. 5 U.S.C. ss 7114, 7117; see United States Dep't of 
Hous. & Urban Dev. v. FLRA, 964 F.2d 1, 2 (D.C. Cir. 1992). 
The duty to negotiate exists, however, only "to the extent not 
inconsistent with any Federal law or any Government-wide 
rule or regulation." 5 U.S.C. s 7117(a)(1). In its Supple-
mental Statement of Position, the FAA stated its argument 
clearly, if succinctly: "Free air travel for personal use is 
considered a gift prohibited by the Standards of Conduct for 
Emloyees [sic] of the Executive Branch" and thus "[t]he 
Union's proposal is contrary to government-wide regulations 
within the meaning of 5 U.S.C. section 7117(a)(1) and is 
therefore non-negotiable." JA 48A. While the FAA miscited 
two of the sources for the anti-gift regulations (citing to Exec. 
Order No. 12,574 and 5 C.F.R. s 2635.01 instead of to Exec. 
Order No. 12,674 1 and 5 C.F.R. s 2635.101 or s 2635.201, 
respectively) 2 and failed to cite specific subsections within the 

__________
 1 Executive Order 12,674, 54 Fed. Reg. 15,159 (1989), as modified 
by Executive Order 12,731, 55 Fed. Reg. 42,547 (1990), provides:

 An employee shall not, except pursuant to such reasonable 
 exceptions as are provided by regulation, solicit or accept any 
 gift or other item of monetary value from any person or entity 
 seeking official action from, doing business with, or conducting 
 activities regulated by the employee's agency, or whose inter-
 ests may be substantially affected by the performance or 
 nonperformance of the employee's duties.

Exec. Order No. 12,731, s 101(d), 55 Fed. Reg. at 42,547.

 2 Sections 2635.101-107 constitute "Subpart A" ("General Provi-
sions") of the "Standards of Ethical Conduct for Employees of the 
Executive Branch." Section 2635.101 provides in part:


regulations, its position and authority are easily understood. 
The regulations on which the FAA relied are neither obscure 
nor difficult to locate. The FLRA apparently had little 
trouble identifying not only the specific language prohibiting 
solicitation or acceptance of gifts but also various provisions 
creating exceptions to the general prohibition. See JA 54 n.2 
(portion of order discussing possible applicability of excep-
tions to anti-gift rule).3 We are at a loss therefore to 
understand why the Authority declined to address the argu-
ment squarely put before it. It is true that an agency has a 
duty to "direct the Authority's attention, with as much speci-
ficity as possible, to the statutes and regulations relevant to 
an agency's duty to bargain" and "should not expect the 
Authority, sua sponte, to locate, analyze and apply all argu-
ably pertinent regulations from the myriad of federal regula-
tions governing the numerous federal agencies within the 
Authority's jurisdiction." National Fed'n of Fed. Employees, 
Local 1167 v. FLRA, 681 F.2d 886, 891 (D.C. Cir. 1982); see 

__________
 An employee shall not, except as permitted by subpart B of 
 this part, solicit or accept any gift or other item of monetary 
 value from any person or entity seeking official action from, 
 doing business with, or conducting activities regulated by the 
 employee's agency, or whose interests may be substantially 
 affected by the performance or nonperformance of the employ-
 ee's duties.

Sections 2635.201-205 constitute Subpart B ("Gifts from Outside 
Sources"). Section 2635.202 provides:

 General prohibitions. Except as provided in this subpart, an 
 employee shall not, directly or indirectly, solicit or accept a gift:

 (1) From a prohibited source; or

 (2) Given because of the employee's official position.

5 U.S.C. s 2635.202(a). Section 203 defines "prohibited source" to 
include "any person who ... Conducts activities regulated by the 
employee's agency." 5 C.F.R. s 203(d)(3).

 3 We do not endorse the suggestion, implicit in footnote 2 of the 
FLRA decision, that an agency bears the burden not only of making 
its own case but also of anticipatorily rebutting all possible counter-
arguments.


also 5 C.F.R. s 2424.6(a)(2).4 But when the agency, as here, 
has borne its burden and squarely presented an argument to 
the FLRA, the Authority cannot shirk its own duty to decide 
the issue before it.5 Cf. Department of Treasury v. FLRA, 
762 F.2d 1119, 1122 (D.C. Cir. 1985) (concluding that conflict-
with-government-wide-regulation issue "was presented to the 
Authority with sufficient clarity to make it proper for consid-
eration on review," in spite of agency's failure to cite conflict-
ing regulation where regulation was "well known" and not 
"obscure, technical provision of civil service law"). Moreover, 
if the FLRA found the FAA's submission too oblique for 
resolution, it should at least have requested additional brief-
ing from the FAA, cf. 5 C.F.R. s 2424.8, or held a hearing, 
see 5 C.F.R. s 2424.9, to probe the matter further rather than 
simply refuse to address the argument.

 For the preceding reasons, we grant the FAA's petition for 
review, deny the FLRA's application for enforcement and 
remand to the FLRA to address the negotiability of the 
revised proposal.

So ordered.

__________
 4 Section 2424.6 requires that, after a petition for review of an 
agency allegation of non-negotiability has been filed with the 
FLRA, the agency file a statement either (1) "[w]ithdrawing the 
allegation that the duty to bargain in good faith does not extend to 
the matter proposed to be negotiated" or (2) "[s]etting forth in full 
its position on any matters relevant to the petition which it wishes 
the Authority to consider in reaching its decision, including a full 
and detailed statement of its reasons supporting the allegation" and 
"cit[ing] the section of any law, rule or regulation relied upon as a 
basis for the allegation." 5 C.F.R. s 2424.6(a)(2).

 5 Even when the agency falters," the Authority plainly is not 
foreclosed from making an independent inquiry into the law rele-
vant to each agency's exercise of management rights." National 
Fed'n of Fed. Employees, 681 F.2d at 891. The FLRA seems to 
have undertaken just such an inquiry here with regard to possible 
exceptions to the anti-gift rule. See JA 54 n.2.